UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles A. Leblanc, #66186-079, | ) |
| | ) C/A No. 6:06-1194-GRA |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) (Written Opinion) |
| M. Pettiford, Warden, FCI Bennettsville, | ) |
| | ) |
| Respondent. | ) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. Petitioner filed this action on April 26, 2006 and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment on August 11, 2006. On August 14, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to respond. Petitioner filed a response on August 24, 2006. On January 11, 2007, the magistrate issued a Report and Recommendation, recommending that this Court should grant Respondent's Motion for Summary Judgment. For the following reasons, the Court accepts the recommendation of the magistrate.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the

Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner timely filed objections to the magistrate's Report and Recommendation on January 23, 2007.

Petitioner objects to the magistrate's Report and Recommendation on the grounds that "it fails to capture the essence of the question presented, because it fails to consider all the facts relevant to that question." Objections, p. 1. Petitioner alleges that the program statements are inconsistent, in that one forbids the possession of tobacco while another expressly permits its use. Petitioner argues that Program Statement 5580.06 permits the possession of tobacco products and asserts that this statement has "been heretofore ignored by the Respondent and the Magistrate." *Id.* However, the magistrate specifically addresses Program Statement 5580.06, which allows an inmate to possess upon transfer certain property "specified on the Inmate Personal Property List made a part of the national Program Statement 5580.06." R&R, p. 8. Though this Personal Property List included tobacco in August 1999, the magistrate correctly concludes that this list was superseded by an institution-specific Personal Property List which specifically excludes tobacco. Therefore, Petitioner's assertion that the magistrate failed to consider this Program Statement and its inconsistencies is erroneous and without merit.

3

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondent's Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

*[signature]*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 7, 2007

Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4